IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETRA BUSCHMEIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 03-mc-00506 |
| ) | |
| G&G INVESTMENTS, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the following:

- MOTION FOR RECONSIDERATION OF MOTION FOR ENTRY OF ORDER OF COURT PERMITTING WITHDRAWAL AS COUNSEL OR, ALTERNATIVELY, OF DEFENDANT'S FEE PETITION *(Document No. 55),* BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF MOTION FOR ENTRY OF ORDER OF COURT PERMITTING WITHDRAWAL AS COUNSEL OR, ALTERNATIVELY, OF DEFENDANT'S FEE PETITION *(Document No. 56),* Response by Petra Buschmeier (*Document No. 58*) and Response in Support by G&G Investments, Inc. (*Document No. 59)*; and

- MOTION TO REQUIRE DISBURSEMENT AND CONTINUED DISCLOSURE OF PRESENT AND FUTURE CONSUMERS PACKAGING CLAIM AND OTHER ASSETS filed by Plaintiff (*Document No. 48*), to which Defendant has not responded.

The genesis of this miscellaneous matter is the Final Judgment entered by this Court on July 14, 2003, in favor of Petra Buschmeier and against Defendant G&G Investments, Inc., in an amount totaling more than the equivalent of $57,000,000 (Fifty Seven Million Dollars), plus interest and costs at Civil Action No. 02-610. This judgment remains unsatisfied and Plaintiff is pursuing execution.

**MOTION FOR RECONSIDERATION**

After a hearing in open court on October 28, 2003, the Court, by Memorandum and Order of November 18, 2003, granted Plaintiff's Emergency Motion for Supplementary Relief in Aid of Execution. *See Document No. 13.* The purpose of that Order was to protect and preserve the status quo of any and all assets of the judgment debtor which were known, in existence and potentially subject to execution in satisfaction of Plaintiff's judgment. Among the assets of Defendant identified at said hearing, both through answers to interrogatories and the testimony of Patrick T. Connelly, Chief Financial Officer and Corporate Secretary of Defendant, was an account receivable in the form of a Proof of Claim filed in the bankruptcy of Consumers Packaging, Inc. in Canada. Mr. Connelly testified that "[t]he value is a minimum one million dollars and could be as high as three million dollars" and that this asset belonged exclusively to G&G. (Transcript, p. 55)

On November 25, 2003, Defendant's Emergency Motion for Limited Relief from Order of Court dated November 18, 2003 (*Document No. 15)* was filed, in which it sought authorization to consummate a proposed settlement of the Proof of Claim with the *Consumers Packaging* bankruptcy trustee to be allowed in the amount of $22,500,000 CDN. If approved, Defendant would receive an immediate payment of 3.5% of said amount, $787,500 CDN, with the potential of additional proceeds in the future. In addition, Defendant sought permission to pay Buchanan Ingersoll P.C., the sum of $13,240 USD and its Canadian attorneys, Bennett Jones, LLP, the sum of $6,000 USD for legal services related to the bankruptcy action.

On November 26, 2003, the Court granted in part and denied without prejudice the Defendant's Emergency Motion for Limited Relief. Specifically, the Court ordered that (i)

Defendant did not need the authorization of this Court to consummate the proposed settlement of the Proof of Claim and (ii) denied without prejudice the request to pay the proposed fees to Buchanan Ingersoll, P.C., and Bennett Jones, LLP, subject to the Defendant filing a fee petition related to a settlement fund with supporting specific itemization and documentation.

During telephonic oral argument on the motion, the Court expressed its specific concern that any request for the payment of fees must be related to legal services which created or resulted in the existence of the settlement fund.

Defendant's Fee Petition in Accordance With Order of Court dated November 26, 2003 was filed on January 16, 2004. *See Document No. 35.* It reflected that the Consumers Packaging Proof of Claim settlement had resulted in Defendant's receipt of approximately $1,125,000 CND. The Court later learned that the settlement proceeds amounted to $877,852.44 USD. Defendant's petition sought payment of $28,316.68 for attorney fees to Buchanan Ingersoll, an amount significantly in excess of its request for $13,240 on November 25, 2003, and $3,847.53 to Bennett Jones, an amount significantly less than the $6,000 previously requested. In actuality, counsel for Defendant was seeking payment for not only the attorney fees related to the proof of claim settlement fund, but also all attorney fees which Defendant had incurred, but had not yet paid, which were in any way related to the ongoing litigation between the parties.

In the RESPONSE BY PETRA BUSCHMEIER TO MOTION FOR ATTORNEY FEES IN ACCORDANCE WITH ORDER OF COURT DATED 11/26/03 BY G&G INVESTMENTS (*Document No. 37)*, Plaintiff vigorously opposed Defendant's fee petition, especially those fees which were totally unrelated to the establishment of the settlement fund.

Defendant countered with a stern reply that it continues to incur mounting legal fees due to Plaintiff's actions in this case and that it should have access to its own asset, the settlement fund, to pay its fees and costs of this litigation. Indeed, in its Reply, Defendant sought not only the previously claimed attorney fees but also additional legal fees and costs of $15,760.24, plus an advance retainer of $25,000.00, for a grand total of $69,076.92 as of February 2, 2004.

After a detailed analysis of the fee petition and the multiple responses and replies, the Court granted the fee petition in part and denied it in part. *See Document No. 42*. The Court specifically found that its Order of November 26, 2003 "contemplated that any such fee petition would be limited to legal services directly related to the creation, establishment and realization of a settlement fund from the Consumers Packaging bankruptcy action in Ontario, Canada which fund would ultimately benefit the Plaintiff, judgment creditor Petra Buschmeier. Defendant's fee request is inconsistent with its prior estimate of fees communicated to the Court on November 25, 2003, . . . and beyond the bounds of reasonableness under the circumstances and the law as cogently set forth in the brief of Plaintiff judgment creditor. Nevertheless, a common settlement fund has come into existence through the collaborative effort of Buchanan Ingersoll and its Canadian counterpart, the Bennett Jones law firm in Toronto." (emphasis added). By Order dated July 15, 2004, the Court granted that portion of the fee petition(s) which represented legal services and costs which were directly related to the Consumers Packaging bankruptcy settlement, and denied that portion of the fee petition(s) which represented legal services and costs for litigation representation which was not directly related to the Consumers Packaging bankruptcy settlement.

A number of other orders were issued on July 15, 2004 which compelled discovery responses and established an escrow for safekeeping of stock certificates of corporate entities owned by Defendant.

Approximately one week later, on July 22, 2004, Defendant filed a Motion for Entry of Order of Court Permitting Withdrawal of Counsel. *See Document No. 49.* Counsel for Plaintiff responded in opposition. See *Document Nos. 52 and 53.* On August 3, 2004, the Court entered an Order in which it denied Defendant's motion without prejudice. The Court denied the motion to permit counsel to withdraw because a party corporation must be represented by an attorney-at-law in all litigation and matters for adjudication before a court of law and no substitute or alternate counsel on behalf of Defendant had been proposed in the motion. To date, no substitute or alternate counsel has entered an appearance to represent Defendant in this litigation. Thus, Buchanan Ingersoll, P.C., must remain counsel of record for Defendant in this matter until such time as an appearance by substitute or alternate counsel is entered on behalf of Defendant.

Thereafter, Defendant filed the instant Motion for Reconsideration in which it requests the Court to either "(1) grant Buchanan Ingersoll's Motion to Withdraw or (2) modify its Order dated July 15, 2004 which denied the Fee Petition in significant part, and authorize G&G Investments to pay Buchanan Ingersoll its outstanding fees as of the date of its Fee Petition . . . ." Def's Memo. at 6.

Generally, a motion for reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) necessary to correct a clear error of law or to prevent manifest

injustice. *Hirsch Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 47 U.S. 1171 (1986).

Fatal to Defendant's request is that there has been no change in controlling law or new evidence added to the record. Rather, Defendant argues that "<u>justice requires</u>" that the Court grant its motion because "Plaintiff and this Court have placed both G&G Investments and Buchanan Ingersoll in an impossible and unfair position." Def's Memo. at 4 (emphasis added). Defendant seems to ignore the fact that what justice requires is that the Final Judgment entered in favor of Petra Buschmeier and against G&G Investments, Inc., be satisfied.

Counsel for Defendant has continuously characterized the prior orders of this Court as precluding or prohibiting Defendant from paying its attorneys for fees arising from representation in this litigation. This characterization is inaccurate and disingenuous. As previously stated, the Order of November 18, 2003, was specifically designed to maintain the status quo and protect and preserve the assets of the judgment debtor for the potential satisfaction of Plaintiff's judgment. The Order of November 26, 2003, essentially authorized the realization of a settlement fund from the Consumers Packaging bankruptcy which the Court specifically intended to ultimately benefit the Plaintiff, judgment creditor Petra Bushmeier. It is indeed unfortunate that this fund appears to be the only remaining asset of Defendant identified to date which has real value and the Defendant, in effect, argues that it should be entitled to dissipate or consume that fund in its continuing legal maneuvers to avoid payment and satisfaction of Plaintiff's legitimate judgment, now worth in excess of sixty million dollars.

Defendant labors under the misguided perception that because the settlement fund asset has not heretofore been formally transferred or paid over to Plaintiff in partial satisfaction

of her judgment, that the asset is and should be recognized as the property of Defendant and should therefore be available to finance its litigation efforts to frustrate and ultimately defeat Plaintiff's collection efforts. The Court can not and will not countenance such an abuse of this asset.

Ideally, Defendant would have sufficient assets to not only pay its counsel on an ongoing basis, but also satisfy Plaintiff's judgment. However, it appears that such is not likely and the Court, having authorized the creation of the fund for the ultimate benefit of the judgment creditor, must continue to preserve it for that purpose. Defendant should look to its principal officers, directors or shareholders to aid in its counsel fees dilemma.

Accordingly, the Court will deny the Motion for Reconsideration filed by Defendant (*Document No. 54*). Buchanan Ingersoll's Motion to Withdraw is, again, denied without prejudice subject to renewal if and when Defendant and/or Buchanan Ingersoll has arranged for replacement counsel for Defendant. Similarly, the motion for reconsideration of the fee petition is denied because the motion continues to improperly seek fees for legal services and costs unrelated to the Consumers Packaging bankruptcy settlement and from a fund created for the ultimate benefit of the Plaintiff, Judgment Creditor Petra Buschmeier.

### MOTION OF JUDGMENT CREDITOR PETRA BUSCHMEIER TO REQUIRE DISBURSEMENT AND CONTINUED DISCLOSURE OF PRESENT AND FUTURE CONSUMERS PACKAGING CLAIM AND OTHER ASSETS
**(Document No. 48)**

Plaintiff, Petra Bushmeier, has requested the Court to order disbursement to the trust account of her Pittsburgh counsel the balance of the Consumers Packaging claim settlement

fund in partial satisfaction of her judgment.  Defendant has disclosed this claim fund as one of its few assets having value.

In its Motion for Reconsideration, Defendant moved for certain of those monies to be paid to Buchanan Ingersoll.  In the alternative, Defendant sought the authority to use the proceeds of the *Consumers Packaging* settlement fund to pay Buchanan Ingersoll for overdue fees for legal services and costs together with a reasonable retainer for anticipated future legal expenses.  Defendant argues that if "Buchanan Ingersoll is not permitted to withdraw, principles of fairness and justice <u>require</u> that certain of the proceeds [] be paid to Buchanan Ingersoll."  Def's Resp. at 16 (emphasis added).

As discussed *supra*, the Motion for Reconsideration filed by Defendant will be denied.  To use the Defendant's own words "principles of fairness and justice require that" the outstanding judgment in this matter be satisfied to the extent possible.  Accordingly, the Motion to Require Disbursement and Continued Disclosure of Present and Future Consumers Packaging Claim and Other Assets will be granted.

AND NOW, this 6th day of October, 2005, in accordance with the foregoing Memorandum, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** as follows:

1.	The Motion for Reconsideration of Motion for Entry of Order of Court Permitting Withdrawal as Counsel Or, Alternatively, of Defendant's Fee Petition filed by Defendant *(Document No. 55)* is **DENIED.**

      2.      The Motion to Require Disbursement and Continued Disclosure of Present and Future Consumers Packaging Claim and Other Assets filed by Plaintiff (*Document No. 48*) is **GRANTED**.  Defendant, G&G Investments, Inc., is **ORDERED FORTHWITH** to direct Enterprise Bank to disburse and transfer to Petra Buschmeier through her Pittsburgh counsel, Robert J. Ray, Esquire, and Burns, White & Hickton, LLC, the entire balance of business savings account # 5007003576, including all interest accrued to date, in partial satisfaction of the Final Judgment Order of this Court on July 14, 2003.  Such funds shall be wired directly from Enterprise Bank to the trust account for counsel for Petra Buschmeier as follows:

> Robert J. Ray, Esquire
> Burns, White & Hickton, LLC
> PNC Bank, NA
> One PNC Plaza, 249 Fifth Avenue
> Pittsburgh, PA 15222-2707
> Phone:  412-762-2000
> Transit Number:  043000096
> Account Number:  3907468
> FBO:  Burns, White & Hickton IOLTA Account.

A copy of documentary evidence confirming this disbursement and transfer of funds shall be filed of record forthwith.

      3.      It is further **ORDERED** that Defendant G&G Investments, Inc., shall immediately disclose to Petra Buschmeier, her Pittsburgh counsel, and the Court the current status of Defendant's claim in the Consumers Packaging bankruptcy action, the receipt of any

additional funds related to the Consumers Packaging claim and the potential of additional funds therefrom, as well as any assets it has or may receive from any other source whatsoever.

                BY THE COURT:

                s/  Terrence F. McVerry
                United States District Court Judge

cc:      Robert J. Ray, Esquire
          Email: rjray@bwhllc.com

          Frederick B. Goldsmith, Esquire
          Email: fgoldsmith@blumlinggusky.com

          William P. Kealey, Esquire/ **FAX:  765/ 742-8175**
          Stuart & Branigin, LLP
          300 Main Street - Suite 800
          P.O. Box 1010
          Lafayette, IN 47902

          Stanley J. Parker, Esquire
          Email: parkersj@bipc.com