# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PETRA BUSCHMEIER, )
)
    Plaintiff / Judgment Creditor, )
)
    v. ) 02: 03- mc-00506
)
G&G INVESTMENTS, INC., )
)
    Defendant / Judgment Debtor. )

## MEMORANDUM OPINION AND ORDER OF COURT

May 6, 2009

Presently before the Court is the MOTION FOR RECONSIDERATION filed by Plaintiff / Judgment Creditor Petra Buschmeier (Document No. 203) and the REPLY IN OPPOSITION filed by Respondents John J. Ghaznavi and Patrick T. Connelly (Document No. 205). For the reasons that follow, the Motion will be denied in part and granted in part.

### Background

Plaintiff / Judgment Creditor Petra Buschmeier ("Buschmeier") requests that the Court reconsider its Memorandum Opinion and Order dated January 14, 2009, which dismissed Buschmeier's Complaint in Contempt against John J. Ghaznavi ("Ghaznavi") and Patrick T. Connelly ("Connelly") in their capacities as corporate officers of Defendant / Judgment Debtor G&G Investments, Inc. ("G&G").

Buschmeier argues that reconsideration is appropriate because the Court made a finding which is "plainly contradicted by the evidence of record" and that the Court "made a clear error of law by imposing upon Buschmeier the burden of showing by clear and convincing

evidence that Respondents Ghaznavi and Connelly did not take all reasonable steps to comply with this Court's Order of July 15, 2004 directed to G&G."

Not surprisingly, the Respondents contend that the Memorandum Opinion and Order of January 14, 2009 properly dismissed Plaintiff's Complaint in Contempt and denied Plaintiff's Motion for Sanctions.

**Legal Standard**

Generally, a motion for reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) necessary to correct a clear error of law or fact or to prevent manifest injustice. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 47 U.S. 1171 (1986).

There is no dispute that there has been no intervening change in controlling law or that new evidence has become available. Rather, Buschmeier argues that reconsideration is necessary to correct a clear error of law and/or fact.

**Discussion**

A.  Alleged Error of Fact

In making its Findings of Fact, the Court considered the entirety of the evidence and found that Buschmeier's prior counsel had made a misrepresentation that "was plainly inaccurate insofar as the correspondence of July 29, 2004, advised counsel for Buschmeier of the sixty-three boxes of documents available for inspection, which was reconfirmed by Stanley

J. Parker's correspondence of September 30, 2004, in which he advised of the flood destruction of records at G&G's offices at 3140 William Flynn Highway, while the boxes at 4790 William Flinn Highway were unaffected by the flood and available for review." Memorandum Op., at ¶ 26. Furthermore, the Court's finding is clearly supported by the March 8, 2006, correspondence from Buschmeier's current counsel, Timothy J. Cornetti, Esquire, to Attorney Parker which states, in pertinent part, "[o]f those 63 boxes, <u>15 were labeled as being produced by G&G Investments</u>. . . ." Ex. 27 (emphasis added).

Furthermore, the Court relied upon the unrebutted testimony of Connelly who testified that after learning of the Court's July 15, 2004 Order(s),[1] he charged his staff with compiling responsive documents and that it was his understanding that the production constituted "full compliance with the Order of the Court to produce records . . . and to comply with the Order to provide that by July 31st." (Vol. II, p. 45). Significantly, Connelly also testified that the sixty-three (63) boxes contained documents of G&G Investments, Inc., and of the Subpoenaed Entities.

Also of import to the Court's finding was Connelly's unrebutted testimony that in October 2005 he returned, at the request of counsel, to 4790 William Flinn Highway to inspect the sixty-three (63) boxes and discovered that most of the responsive documents of G&G Investments had been assembled for production in July 2004, had been moved from 3140

---

[1] The hearing record is unclear if Ghaznavi and Connelly understood that the Court issued two (2) distinct Orders on July 15, 2004, one requiring action by a party to the litigation, i.e., G&G, and the other directed at the non-party Subpoenaed Entities.

William Flinn Highway to 4790 William Flinn Highway, and, thus, had not been destroyed by the flooding in September 2004.

Based on the unrebutted testimony of Connelly, the Court concluded that had Buschmeier's former counsel timely reviewed the sixty-three (63) boxes of documents, he would have discovered that the assembled boxes located at 4790 William Flinn Highway did, in fact, contain G&G documents, although that production may have been deficient. Accordingly, the Court remains firm in its finding that Buschmeier's prior counsel made a misrepresentation, albeit not intentional, but nevertheless not accurate, that G&G had produced <u>no</u> documents in response to the Court's Order(s) of July 15, 2004. Accordingly, the Court concludes that reconsideration is not necessary on this issue.

B.  <u>Alleged Error of Law</u>

In order to prove her prima facie case for civil contempt, Buschmeier was required to demonstrate that "(1) a valid court order existed; (2) the [respondent] had knowledge of the order, and (3) the [respondent] disobeyed the order." Memo. Op. at 24 (*quoting John T. ex rel. Paul T. v. Delaware County Intermediate Unit*, 318 F.3d 545 (3d Cir. 2003)).

In its Memorandum Opinion, the Court found that "Buschmeier has proven by clear and convincing evidence that a valid order existed which required the production of documents by G&G and that both Ghaznavi and Connelly had knowledge of the order." Memorandum Op. at 24. The Court also found that "Buschmeier has failed to meet her burden to establish by clear and convincing evidence that Ghaznavi and Connelly did not take all reasonable steps to comply with the Order." *Id.*, 24-25. It is this latter statement that Buschmeier challenges.

4

Admittedly, the challenged statement is not correct as a matter of law.  The Memorandum Opinion should have stated that Buschmeier has failed to meet her burden to establish by clear and convincing evidence that Ghaznavi and Connelly <u>had disobeyed the order</u> - the requisite third prong needed to prove a prima facie case for civil contempt.

The Court finds, however, that this error is harmless, as the Court, in great detail, analyzed the hearing record and found that neither Ghaznavi nor Connelly had intentionally disobeyed the order(s) of July 15, 2004; rather, the Court found that both Ghaznavi and Connelly had taken reasonable steps to comply with the Order(s).  The Court found that the testimony and evidence adduced at the hearing established that, at Ghaznavi's direction, Connelly with his staff and attorneys worked diligently to comply with the Court Order of July 15, 2004.

Accordingly, it is abundantly clear from the Memorandum Opinion that the Court found that Buschmeier did not prove her prima facie case for civil contempt and the Respondents did not need to "assert a present inability to comply."  Pl's Mot. at 7 (quoting *Electrical Workers Pension Trust Fund of Local Union #58 v. Gary's Electric Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003)).  In fact, because the Court found that Buschmeier had not established her prima facie case, the burden did not shift to the Respondents to show that they had taken all reasonable steps to comply.

Accordingly, the Court grants the request for reconsideration, finds that the error is harmless, and amends Paragraph 7 of the Conclusions of Law as above referenced.

**Conclusion**

For the hereinabove reasons, the Motion for Reconsideration will be denied in part and granted in part; however, the Memorandum Opinion, specifically Paragraph 7 of the Conclusions of Law, will be revised in accordance with the *supra* discussion.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETRA BUSCHMEIER, | ) | |
| | ) | |
| Plaintiff / Judgment Creditor, | ) | |
| | ) | |
| v. | ) | 02: 03- mc- 00506 |
| | ) | |
| G&G INVESTMENTS, INC., | ) | |
| | ) | |
| Defendant / Judgment Debtor. | ) | |

## ORDER OF COURT

AND NOW, this 6th day of May, 2009, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion for Reconsideration filed by Plaintiff / Judgement Creditor Petra Buschmeier is **DENIED IN PART AND GRANTED IN PART.**

It is further **ORDERED** that the Memorandum Opinion filed January 14, 2009, specifically Paragraph 7 of the Conclusions of Law, is hereby **AMENDED** as follows:

> 7. The Court finds that Buschmeier has proven by clear and convincing evidence that a valid order existed which required the production of documents by G&G and that both Ghaznavi and Connelly had knowledge of the order. However, the Court also finds that Buschmeier has failed to meet her burden to establish by clear and convincing evidence that Ghaznavi and Connelly had disobeyed the order. Accordingly, neither Ghaznavi nor Connelly are found to be in civil contempt of Court.

In all other respects, the Memorandum Opinion and Order of January 14, 2009, remains in effect.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Arnd N. von Waldow, Esquire
Reed Smith
Email: avonwaldow@reedsmith.com

Timothy J. Cornetti, Esquire
Reed Smith
Email: tcornetti@reedsmith.com

Justin H. Werner, Esquire
Reed Smith LLP
Email: jwerner@reedsmith.com

John B. Cromer, Esquire
Burns, White & Hickton
Email: jbcromer@bwhllc.com

Robert O. Lampl, Esquire
Email: rol@lampllaw.com

C. Kent May, Esquire
Eckert, Seamans, Cherin & Mellott
600 Grant Street
44th Floor
Pittsburgh, PA 15219

Kathleen A. Gallagher, Esquire
Eckert, Seamans, Cherin & Mellott
Email: kgallagher@eckertseamans.com

John D. Waclawski, Jr., Esquire
Dickie, McCamey & Chilcote
Email: jwaclawski@dmclaw.com

William F. Ward, Esquire
Ward & McGough
Email: wfw@wardmcgough.com

Hugh F. McGough, Esquire
Ward McGough, LLC
Email: hfm@wardmcgough.com